**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| PAMELA CHENOWETH-BREWER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-25-35-D |

## ORDER

Before the Court is the United States' Motion for Partial Summary Judgment and Brief in Support Thereof. [Doc. No. 16]. Plaintiff filed a response [Doc. No. 24], to which the government filed a reply. [Doc. No. 26]. Also before the Court is Plaintiff Pamela Chenoweth-Brewer's Motion for Summary Judgment and Brief in Support [Doc. No. 18], to which the government filed a reply. [Doc. No. 23]. The matters are fully briefed and at issue.

## BACKGROUND

Plaintiff and her late husband were assessed Trust Fund Recovery Penalties (TFRPs) pursuant to 26 U.S.C. § 6672. On March 30, 2022, Plaintiff paid the assessed amount of the TFRPs and interest in the total amount of $102,406.18.

On November 1, 2022, Plaintiff filed a claim for refund with the Internal Revenue Service (IRS) to recover the amount paid. Plaintiff alleges she received no response. She filed a second claim for refund which was received by the IRS. On January 9, 2025, Plaintiff filed the present action in this Court seeking to recover the total amount she paid.

A Proposed Assessment of Trust Fund Recovery Penalty (Letter 1153) is a letter sent to taxpayers when it is determined they are responsible for withholding trust fund taxes and willfully fail to pay them to the IRS pursuant to 26 U.S.C. § 6672. In her Complaint, Plaintiff alleges the IRS did not properly mail or deliver the Letter 1153 notifying her of the TFRP assessments. She further alleges she does not meet the definition of "responsible person" under the statute and did not "willfully" fail to collect taxes. Thus, she argues, she cannot be held liable for the TFRP assessments.

The government seeks summary judgment in its favor with respect to the issue of notice of the TFRP assessments through the Letter 1153. Plaintiff seeks summary judgment in her favor with respect to the issues of notice of the TFRP assessments, and being a "responsible person" under 26 U.S.C. § 6672(a), and acting "willfully" pursuant to § 6672(a).

## UNDISPUTED MATERIAL FACTS[1]

In 2004, Plaintiff and her late husband, Brian Brewer, opened a construction company, Brewski Construction, Inc. (Brewski). Plaintiff and Brian were each 50% owners and principals in Brewski. But the parties agree that Plaintiff was only an occasional visitor at the office. Also employed at Brewski was the office manager, Greg James.

---

[1] This statement includes material facts that are supported by the record and not opposed in the manner required by FED. R. CIV. P. 56(c)(1) and LCvR56.1(d). All facts properly presented by a party and not specifically controverted by an opponent are deemed admitted, pursuant to FED. R. CIV. P. 56(e)(2) and LCvR56.1(e). Both parties' statements of fact, at times, drift into legal argument. To the extent legal conclusions or arguments are presented as purported undisputed facts, they are disregarded.

From 2012 to 2015, Brewski failed to pay the IRS trust fund taxes it withheld from its employees' wages for certain tax periods.[2] During this time, several individuals handled Brewski's finances, including Greg. Brian and Greg were aware that Brewski was not making the required payments to the IRS during the relevant time periods.

Plaintiff and her husband were assessed joint and several personal liability for the TFRP assessments in 2016. In March of 2022, Plaintiff paid $102,406.18.00 toward satisfaction of the assessments that were made against her plus interest during the relevant periods.

On January 12, 2024, Plaintiff filed a claim for refund with the IRS using the required Form 843. Plaintiff resided at 15689 NW 150th Street, Yukon, OK 70399 at all relevant times. Plaintiff alleges she was not aware of the TFRPs because she was not given proper notice of the assessments as required by 26 U.S.C. § 6672(b). On May 16, 2016, IRS personnel drafted a Letter 1153 notifying plaintiff of the TFRP assessments against her.[3] Later that day, the letter was sent via certified mail to Plaintiff's residence.

---

[2] The relevant periods Plaintiff was assessed are the quarters ending September 30, 2012, September 30, 2013, December 31, 2013, March 31, 2014, June 30, 2014, September 30, 2014, December 31, 2014, and March 31, 2015. [D's UMF No. 7].

[3] Attached to the government's motion is an affidavit from William Caster, an attorney with the IRS, along with an excerpt from the Automated Trust Fund Recovery (ATFR), a copy of the Letter 1153, and an excerpt from Plaintiff's deposition. The ATFR maintains a history of the case and shows when certain actions were taken. In response to the government's motion, Plaintiff broadly asserts that Mr. Caster lacks personal knowledge concerning the generation and mailing of the Letter 1153 to Plaintiff without citing to any Federal Rule of Evidence. The Court believes the documents could be properly authenticated and admitted under the Federal Rules of Evidence. *See Hafen v. Howell*, 121 F.4th 1191, 1201 (10th Cir. 2024) (citation omitted) ("[A] declarant can obtain personal knowledge by reviewing underlying documents used to prepare a report or declaration. . . . So the portions of each report and declaration that analyze documents or summarize reports are indeed based on each witness's personal knowledge.").

## STANDARD OF DECISION

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if the facts and evidence are such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248. All facts and reasonable inferences must be viewed in the light most favorable to the nonmovant. *Id.* at 255.

A movant bears the initial burden of demonstrating the absence of a dispute of material fact warranting summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The nonmovant must then go beyond the pleadings and "set forth specific facts" that would be admissible and show a genuine issue for trial. *See Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324. "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998); *see* FED. R. CIV. P. 56(c)(1)(A). The inquiry is whether the facts and evidence identified present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

## DISCUSSION

### I. Validity of Notice to Plaintiff of the TFRP Assessments

"No penalty shall be imposed under subsection (a) unless the Secretary notifies the taxpayer in writing by mail to an address as determined under section 6212(b) or in person

that the taxpayer shall be subject to an assessment of such penalty." 26 U.S.C. § 6672(b)(1). 26 U.S.C. § 6212(b) provides that notice of the penalty can be properly sent to the taxpayer "by certified mail or registered mail to each spouse at his last known address."

In her Complaint, Plaintiff argues she never received a Letter 1153. Additionally, she argues the letter allegedly sent by the government was not properly signed and dated in accordance with the Internal Revenue Manual (Manual). Therefore, Plaintiff asserts she cannot be held liable for the TFRP assessments.

The government moves for summary judgment on this issue, arguing the Internal Revenue Code (IRC) does not require that the government ensure the individual receive the Letter 1153. Rather, the code merely requires that the notice be sent to the individual at their last known home address. Plaintiff moves for summary judgment on this issue, arguing that the Letter 1153 did not follow the requirements of the Manual. Therefore, it was invalid and did not provide proper notice.

In support, the government cites *James v. United States*, 970 F.2d 750 (10th Cir. 1992). At issue there was 26 U.S.C. § 6303(a). Similar to 26 U.S.C. § 6672(b), § 6303(a) provides that once an assessment is made under § 6203, the Secretary must give notice to the person by leaving the notice "at the dwelling or usual place of business of such person, or shall be sent by mail to such person's last known address." The Tenth Circuit held that "[t]he procedural requirements were satisfied upon sending the notices." *James*, 970 F.2d at 755 (quoting 26 U.S.C. § 6303(a)).

In response, Plaintiff argues *James* is inapposite because it was based on different Internal Revenue Code provisions. The Court finds that, although a different provision was

at issue in *James*, the provisions both require the notice at issue be sent to the individual at their last known address. Therefore, the Court finds *James* instructive.

It is undisputed that IRS records reflect IRS personnel drafted a Letter 1153 and sent it to Plaintiff's address at 15689 NW 150th St., Yukon, Oklahoma. [Doc. No. 16, at 3-4]. The only requirement set forth in the provision governing notice of the TFRP assessments is the requirement that the Letter 1153 be sent to the taxpayer "by certified mail or registered mail to each spouse at his last known address." 26 U.S.C. § 6212(b)(2). The Court finds there is no genuine dispute of material fact on this issue. Thus, the United States' Motion for Partial Summary Judgment and Brief in Support Thereof [Doc. No. 16] is **GRANTED**.

Plaintiff argues that the Internal Revenue Manual, Part 8, Section 8.25.2.3.1 states that the Letter 1153 must be dated and signed, but the letter here was not. Therefore, Plaintiff argues the letter was invalid and the government failed to meet its burden in establishing notice of the TFRP assessments.

As the government argues, "[i]t is well-settled . . . that the provisions of the manual are directory rather than mandatory . . . and clearly do not have the force and effect of law." *Armstrong v. C.I.R.*, 15 F.3d 970, 975 (10th Cir. 1994) (citing *Marks v. Com'mr*, 947 F.2d 983, 986 (D.C. Cir. 1991)). *See also Fowlke v. C.I.R.*, 537 F. App'x 783, 785 (10th Cir. 2013) ("[T]he Manual does not give rights to the taxpayer."). Therefore, even if IRS personnel did not follow the procedure in preparing the Letter 1153 as set forth in the Manual, this alone does not invalidate the letter. Accordingly, Plaintiff's motion for

summary judgment as to the government's alleged failure to follow the Manual is **DENIED**.

## II. Plaintiff's Role as a "Responsible Person" Acting "Willfully" Under 26 U.S.C. § 6672(a)

"Whenever any person is required to collect or withhold any internal revenue tax from any other person and to pay over such tax to the United States, the amount of tax so collected or withheld shall be held to be a special fund in trust for the United States." 26 U.S.C. § 7501. This person is known as a "responsible person." *See Bradshaw v. United States*, 83 F.3d 1175, 1178 (10th Cir. 1175). If a responsible person "willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof," they "shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over." 26 U.S.C. § 6672(a).

### A. Responsible Person

"A responsible person generally is, but need not be, a managing officer or employee, and there may be more than one responsible person." *Bradshaw*, 83 F.3d at 1178 (citing *Denbo v. United States*, 988 F.2d 1029, 1032 (10th Cir. 1993)). "Courts have generally given broad interpretation to the term 'responsible person' under section 6672." *Denbo*, 988 F.2d at 1032.

"Indicia of responsibility include the holding of corporate office, control over financial affairs, the authority to disburse corporate funds, stock ownership, and the ability to hire and fire employees." *Id.* "Among other things, therefore, a corporate officer or

employee is responsible if he or she has significant, though not necessarily exclusive, authority in the 'general management and fiscal decision making of the corporation.'" *Id.*

Plaintiff first moves for summary judgment on the grounds that she is not a responsible person pursuant to 26 U.S.C. § 6672(a) and, therefore, cannot be liable for the TFRP assessments. Plaintiff concedes that she was a 50% owner of Brewski with her husband, but argues that she had no control over Brewski's finances, had no authority to disburse corporate funds or determine who got paid, and had no ability to hire or fire employees. She contends that Brian and Greg were the only ones who had these responsibilities and they ran the company. Further, she asserts that Brian never told Plaintiff about the unpaid taxes while Brewski was still in operation and Plaintiff never wrote or signed a check for Brewski.

In response, the government contends that Plaintiff cannot lose her status as a responsible person merely by arguing that Brian and Greg were more responsible than she was. Rather, multiple individuals can be considered a "responsible person." Further, the government argues Plaintiff ignores other evidence displaying her authority over Brewski's business affairs: she mortgaged business property, was identified on a loan application, co-owned Brewski's office location, and signed multiple financial and business documents concerning Brewski.

In viewing the evidence and drawing reasonable inferences therefrom in the light most favorable to the nonmoving party, the Court finds that there is a genuine dispute of material fact as to Plaintiff's role in Brewski. *See Anderson*, 477 U.S. at 248. Therefore,

Plaintiff's motion for summary judgment on the issue of whether Plaintiff was properly labeled a "responsible person" under 26 U.S.C. § 6672(a) is **DENIED**.

### B. Willfulness

"Willfulness, in the context of section 6672, means a 'voluntary, conscious and intentional decision to prefer other creditors over the Government.'" *Denbo*, 988 F.2d at 1033 (quoting *Burden v. United States*, 486 F.2d 302, 304 (10th Cir. 1973)). "Willfulness is present whenever a responsible person 'acts or fails to act consciously and voluntarily and with knowledge or intent that as a result of his action or inaction trust funds belonging to the government will not be paid over but will be used for other purposes.'" *Muck v. United States*, 3 F.3d 1378, 1381 (10th Cir. 1993) (quoting *Olsen v. United States*, 952 F.2d 236, 240 (8th Cir. 1991)).

Plaintiff next moves for summary judgment on the issue of willfulness. She argues that she did not willfully fail to carry out her responsibilities and, therefore, cannot be liable for the TFRP assessments. Plaintiff asserts she did not have the duty or responsibility to determine, withhold, and pay payroll taxes of Brewski or determine what payments went to which creditors. Further, Plaintiff contends she lacked the authority, knowledge, and ability to do these things, and did not know about the taxes until May 2019.

In support, Plaintiff cites nonbinding cases from the Ninth, Seventh, and Federal Circuits. The Court finds those cases inapposite as the Tenth Circuit has clearly defined what the term "willful" means in the context of 26 U.S.C. § 6672(a).

The government contends Plaintiff acted willfully because Plaintiff testified as to the duty to pay over the employment taxes through ownership of her own business and urged her husband to do the same. Further, she was a co-owner of Brewski.

The Court agrees that a genuine dispute of material fact exists as to whether Plaintiff acted willfully. Accordingly, Plaintiff's motion for summary judgment on the issue of whether she acted willfully is **DENIED**.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff Pamela Chenoweth-Brewer's Motion for Summary Judgment and Brief in Support [Doc. No. 18] is **DENIED**, and the United States' Motion for Partial Summary Judgment and Brief in Support Thereof [Doc. No. 16] is **GRANTED**.

**IT IS SO ORDERED** this 29th day of September, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE